UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Bernard Curry, | ) | C/A No. 0:14-1678-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Clifton Newman, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The *pro se* plaintiff, James Bernard Curry, is an inmate with the South Carolina Department of Corrections. He brings this action pursuant to 42 U.S.C. § 1983 contending that the defendant, Judge Clifton Newman, violated plaintiff's constitutional rights and committed perjury in connection with plaintiff's post-conviction relief hearing in state court. Plaintiff seeks monetary damages.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the § 1983 action should be summarily dismissed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

The plaintiff was advised of his right to file objections to the Report. In his one-page memorandum, the plaintiff merely notes that he objects to the Report without any specificity. He also requests that the court hold this action in abeyance while he seeks an investigation in state court for judicial misconduct. The plaintiff's objections are wholly without merit and his motion to stay this action (ECF No. 13) is denied.

The Magistrate Judge correctly opines that judges have absolute immunity from a claim for damages or suit arising out of their judicial actions. *See Mireless v. Waco*, 502 U.S. 9 (1991). This court agrees that Judge Newman is protected by judicial immunity relating to the plaintiff's PCR proceeding and thus he should be dismissed.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation proper and incorporates it herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

July 23, 2014
Columbia, South Carolina